**PHILLIPS BLACK, Inc.**

a nonprofit, public interest law practice

JOSEPH J. PERKOVICH
PO Box 4544
New York, New York 10163

j.perkovich@phillipsblack.org
212 400 1660 (tel)
973 221 9509 (fax)

Principal Attorneys:
Burke M. Butler^
Lee B. Kovarsky¥
Jennifer Merrigan†
John R. Mills‡
Joseph J. Perkovich§

June 16, 2021

<u>VIA EMAIL</u> (bkeogh@azadc.gov)
Brad K. Keogh
General Counsel
Arizona Department of Corrections,
    Rehabilitation & Reentry
1601 W. Jefferson
Phoenix, AZ 85008

Re:  <u>Clarification of DO 710 (Amd. 3/10/2021)</u>

Dear Mr. Keogh,

I am one Frank J. Atwood's attorneys and am writing today with respect to six requests for information or assistance. In the event that your responses to the four lattermost-queries take more time than your answer to my first two, <u>I request that you prioritize your answers for my initial two questions and supply them once you have them</u>.

In the event the Supreme Court of Arizona issues an execution warrant pursuant to its pending scheduling order in Mr. Atwood's case, the following enumerated queries seek clarification in relation to the above-referenced execution protocol of your department (*viz.*, the Department of Corrections, Rehabilitation & Reentry, hereinafter the "Department").

First, the Department's records reflect that Fr. Paisios of the St. Anthony's Greek Orthodox Monastery in Florence has regularly ministered to Mr. Atwood for many years via contact visits pursuant to court order, but this has been disrupted since February 2020 due to measures in response to the COVID-19 pandemic. It is anticipated that Fr. Paisios will resume visitation with Mr. Atwood in July. Section 7.0 of the above-referenced DO 710 (Amd. 3/10/2021) concerns "Thirty-Five Days Prior to the Day of Execution – Complex," and specifies, inter alia, the transfer of the prisoner under execution warrant to a "single person cell on Death Row Browning . . . ." § 7.1.5.  Further, § 7.2.10 contemplates for such prisoners the availability of "non-contact visits . . . per the current schedule for other death row inmates in Browning . . . ." In the event an execution

^ Admitted in Texas
¥ Admitted in Texas and inactive in New York
† Admitted in Missouri and Pennsylvania
‡ Admitted in Arizona, California and North Carolina
** Admitted in New York
* Admitted in Missouri

warrant is issued for Mr. Atwood, we request the Department to continue to provide Fr. Paisios contact visits with Mr. Atwood.

Second, we request information in the event Mr. Atwood is transferred to Housing Unit 9 pursuant to § 13.2 and/or, pursuant to § 13.5.2.1 – 13.5.2.6, the Execution Restraint Team escorts Mr. Atwood into the contemplated execution chamber—whether this is the lethal injection "execution chamber" or the gas "execution room," which contains a "chair" inside a gas "Chamber." *See* Attachment E (*infra*). If, in preparation for Mr. Atwood's execution, the Team restrains him either, depending on the method, to the "execution table" or to the "chair," we request the Department to permit Fr. Paisios access within the given execution chamber or execution room to remain by Mr. Atwood's side to pray and administer last rites, including placing his hands on Mr. Atwood, if physically possible, as the execution is carried out. We request the Department to state in writing its position on this request.

Third, we request access on the earliest practicable date for Mr. Atwood's legal team (including experts), to view the physical facility dedicated to conducting executions, referred to as Housing Unit 9 within ASPC-Florence. § 8.1.3, § 13.2. Specifically, this is the facility containing the execution chamber for the State's lethal injection method and the execution room and Chamber for its lethal gas method. *Infra*.

Fourth, we request access to the single-person cell in the Browning Unit that presumably has been "retrofitted expressly for the purpose of holding" Mr. Atwood, as per § 7.1.5. As your Department is aware, Mr. Atwood is wheelchair-bound and otherwise suffers from a range of medical ailments. As reflected in his pending civil rights litigation concerning his conditions of confinement, Mr. Atwood has set forth numerous legal infirmities in your department's confinement of him in the immediately recent past. *See Atwood v. Panaan Days, et al.*, CV 20-00623-PHX-JAT (JZB) (D. Ariz.). In the event Mr. Atwood is relocated pursuant to the issuance of an execution warrant and under § 7.1.5, we underscore the need for accommodations and equipment to ensure Mr. Atwood's safety within the cell. This includes, but is not limited to, the appropriate placement of support rails.

Fifth, § 7.2.10 contemplates the provision of "outdoor exercise and showers, non-contact visits and phone calls per the current schedule for other death row inmates in Browning . . . ." Since circa October 1, 2020, Mr. Atwood has not had actual physical access to a shower during his confinement in the Browning Unit. (In contrast, between April 21 and June 4, 2021, while he was housed in the Central Unit's infirmary—or intermittently hospitalized in connection with apparent kidney failure and near-fatal sepsis—he had access to the basic hygiene suitable for his disability.)

Mr. Brad K. Keogh, General Counsel  3
Jun. 16, 2021

We request an explanation of the plan for providing him regular access to a shower while confined in the above-mentioned single-person cell. Further, we request specificity as to how he will be afforded access to outdoor exercise given his physical relegation to a wheelchair.

Sixth, § 13.5.2 *et seq.* appears only to contemplate for the Execution Restraint Team the steps in escorting the condemned prisoner into the execution chamber dedicated for lethal injection executions. The relevant sub-sections use a definite article ("the") in reference to "execution chamber" and only mention "the execution table" (§ 13.5.2.3). In contrast, Attachment E of the current version of DO 710 identifies "the execution room" and "the Chamber," in relation to a Lethal Gas execution. Does the Department anticipate further amendment to clarify the Lethal Gas element of its current protocol?

In closing, thank you for your immediate attention to the foregoing. Please do not hesitate to contact me to clarify any of the above or otherwise to address these matters.

        Very truly yours,

        JOSEPH J. PERKOVICH

cc:    Natman Schaye (by email, natman@azcapitalproject.org)
       Sam Kooistra (by email, sam@azcapitalproject.org)