1    **WO**                                                                                 SC

2

3

4

5

6                        **IN THE UNITED STATES DISTRICT COURT**

7                           **FOR THE DISTRICT OF ARIZONA**

8

9    Frank Jarvis Atwood,                          No.    CV 22-00625-PHX-JAT (JZB)

10                        Plaintiff,                **ORDER**

11   v.

12   David Shinn, et al.,

13                        Defendants.

14

15        Plaintiff Frank Jarvis Atwood, who is confined in the Arizona State Prison

16   Complex-Eyman, has filed through counsel a civil rights Complaint pursuant to 42 U.S.C.

17   § 1983 (Doc. 1) and paid the filing and administrative fees. *Atwood v. Shinn*, 4:22cv00184-

18   TUC-JAS.  Plaintiff's counsel filed the case in the Tucson Division, but because Plaintiff

19   is held in the Eyman Complex, located in Pinal County, Judge Soto, to whom the case was

20   assigned in Tucson, ordered the case transferred to the Phoenix Division to be assigned a

21   Phoenix Division case number and assigned to a Phoenix Division judge.  The case was

22   redesignated with the above case number and assigned to the undersigned.

23   **I.    Statutory Screening of Prisoner Complaints**

24        The Court is required to screen complaints brought by prisoners seeking relief

25   against a governmental entity or an officer or an employee of a governmental entity.  28

26   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

27   has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

28   relief may be granted, or that seek monetary relief from a defendant who is immune from

1  such relief.  28 U.S.C. § 1915A(b)(1)–(2).

2      A pleading must contain a "short and plain statement of the claim *showing* that the
3  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does
4  not demand detailed factual allegations, "it demands more than an unadorned, the-
5  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
6  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice."  *Id.*

8      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
9  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
10  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
11  that allows the court to draw the reasonable inference that the defendant is liable for the
12  misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for
13  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
14  experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual
15  allegations may be consistent with a constitutional claim, a court must assess whether there
16  are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

17  **II.    Complaint**

18      Plaintiff was sentenced to death in Arizona state court and his challenges to his
19  conviction and sentence in state and federal court were unsuccessful.  In his Complaint,
20  Plaintiff alleges that the Arizona Supreme Court will decide whether to issue an execution
21  warrant on May 3, 2022.  He further alleges that he is Greek Orthodox.  In light of the
22  imminent issuance of an execution warrant, Plaintiff asked officials with the Arizona
23  Department of Corrections, Rehabilitation, and Reentry (ADC) to allow Plaintiff's Greek
24  Orthodox priest, Father Paisios, to be present at Plaintiff's side during his execution to pray
25  and administer last rites, including placing his hands on Plaintiff and speaking to him
26  directly, so as to accommodate Plaintiff's exercise of his religion.  ADC officials denied
27  the request.

28  . . . .

Plaintiff alleges the following claims: ADC's execution protocol is not neutral towards religion and evinces hostility towards religion in violation of Plaintiff's First Amendment rights (Count I); ADC's policy unjustifiably interferes with Plaintiff's First Amendment free-exercise rights (Count 2); and ADC's blanket policy excluding spiritual advisors in its current execution protocol substantially burdens Plaintiff's religious rights and is not the least restrictive means of furthering a compelling government interest, in violation of the Religious Land Use and Effective Death Penalty Act (RLUIPA).  Plaintiff names as Defendants the following ADC officials: Director David Shinn, Eyman Complex Warden James Kimble, Florence Complex Warden Jeff Van Winkle, and Assistant Director for Prison Operations Lance Hetmer.  Plaintiff sues the Defendants solely in their official capacities.  Plaintiff seeks declaratory and injunctive relief.

The Court will order Plaintiff to serve or obtain waivers of service from Defendants on an expedited basis and will require Defendants to respond on an expedited basis.

**IT IS ORDERED**:

(1)     Within **10 days** of the filing date of this Order, Plaintiff must either serve the Complaint and Summons on each Defendant with a copy of this Order or obtain a waiver of such service.

(2)     A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 5 days of service of the Summons and Complaint or service of a waiver of the Summons and Complaint** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(3)     Defendants must answer the Complaint or otherwise respond by appropriate motion **no later than 10 days after being served with the Summons and Complaint or waiving service of the Summons and Complaint**.

. . . .

. . . .

. . . .

(4)      Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 15th day of April, 2022.

James A. Teilborg
Senior United States District Judge