MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

JEFFREY L. SPARKS (STATE BAR NO. 027536)
LAURA P. CHIASSON (STATE BAR NO. 19025)
DAVID AHL (STATE BAR NO. 029212)
ASSISTANT ATTORNEYS GENERAL

CAPITAL LITIGATION SECTION
2005 N. CENTRAL AVENUE
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 542-4686
CLDOCKET@AZAG.GOV
ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br>　　　　Plaintiff,<br><br>-v-<br><br>David Shinn, et al.,<br>　　　　Defendants. | CV 22–00625–PHX–JAT (JZB)<br><br>**MOTION TO DISMISS** |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants David Shinn, James Kimble, Jeff Van Winkle, and Lance Hetmer move this Court to dismiss Plaintiff's Complaint because there is no case or controversy for this Court to adjudicate. The United States Constitution provides a discrete role for the federal courts, which is to hear and decide actual "cases" and "controversies." U.S. Const. art. III, § 2. No case or controversy remains in Plaintiff's challenge to the execution protocol because the Arizona Department of Corrections, Rehabilitation and Reentry ("ADCRR") has revised its protocol in light of the United States Supreme Court decision in *Ramirez v. Collier*, 142 S. Ct. 1264 (2022). The revised protocol permits one clergy/spiritual advisor to accompany the inmate in the

execution chamber, and allows for audible prayer and "religious touch" of the inmate during the execution. These changes render moot the issues raised in the Complaint and deprive this Court of any case or controversy to adjudicate. Thus, this Court lacks subject matter jurisdiction over the Complaint and should dismiss it.

## BACKGROUND

The three claims raised in the complaint are all premised on ADCRR's former execution protocol which did not allow for a spiritual advisor to accompany an inmate into the execution chamber or to audibly pray or lay hands on the inmate during the execution. Claims 1 and 2 allege violations of Plaintiff's constitutional rights under the First Amendment's Establishment and Free Exercise Clauses. Dkt. # 1, at ¶¶ 40–53. Claim 3 alleges a violation of Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et. seq. *Id.* at ¶¶ 54–60.

Plaintiff seeks declaratory relief based on the alleged statutory and constitutional violations. *Id.* at 15. Plaintiff also requests an injunction from this Court ordering ADC to permit a spiritual advisor to "place hands" upon the Plaintiff and administer last rites under the Greek Orthodox faith. *Id.* Finally, Plaintiff seeks an injunction to enjoin ADC from executing him without a valid execution protocol that accommodates his exercise of religion. *Id.* at 15–16.

Plaintiff alleges that he first requested a spiritual advisor be present in his execution chamber on January 2, 2022, through ADC's informal complaint system. *Id.* at ¶ 34. Plaintiff further alleges ADC denied this complaint was denied, citing prior execution protocol "710 – Execution Procedures 2.1.3.1.1" which did not allow spiritual advisors inside the execution chamber. *Id.* at ¶ 35. Plaintiff also alleges that he filed a formal grievance on January 19, 2022, but it was unprocessed. *Id.* at ¶¶ 36–37.

On March 24, 2022, the Supreme Court decided *Ramirez* where it granted the petitioner's request for a preliminary injunction after determining his rights

under RLUIPA would be violated if the State does not permit his pastor to "lay hands on him and pray over him during the execution." 142 S. Ct. at 1277, 1284. In response to the *Ramirez* decision, on April 20, 2022, ADCRR revised its execution protocol to allow one clergy/spiritual advisor into the execution chamber for audible prayer and religious touch. *See* Exhibit A at 3, section 2.1.3.1.1.[1] In conjunction with these revisions, ADCRR created Form 710–9 "Official Witness Agreement–Clergy or Spiritual Advisor" which details the conditions under which the spiritual advisor will be allowed to touch and speak with the inmate during the execution. Exhibit B. Defendants provided a copy of Form 710–9 to Plaintiff's counsel on April 18, 2022. The revised execution protocol was provided to Plaintiff's counsel April 21, 2022.

I. **THE REVISED EXECUTION PROTOCOL RENDERS MOOT THE ISSUES RAISED IN PLAINTIFF'S COMPLAINT AND THEREFORE DEPRIVES THIS COURT OF A LIVE CASE OR CONTROVERSY.**

Where, as here, a plaintiff seeks injunctive and declaratory relief, a federal court lacks subject-matter jurisdiction over the case once the issues have become moot because there is no case or controversy for the court to adjudicate. *Spears v. City of Tucson, Arizona*, 125 F. Supp. 3d 903, 909 (D. Ariz. 2015), aff'd sub nom. *Spears v. City of Tucson*, 686 F. App'x 492 (9th Cir. 2017) (citing *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1194 (9th Cir. 2000); *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123–24 (9th Cir. 1997) (a federal court "does not have jurisdiction to give opinions upon moot questions"). A claim becomes moot when: (1) there is no reasonable expectation that the alleged unlawful conduct will recur; and (2) interim relief or events have "completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles County v. Davis*, 440 U.S. 625,

---

[1] The execution protocol is also made available to the public on the Arizona Department of Corrections Rehabilitation and Reentry website at: https://corrections.az.gov/sites/default/files/policies/900/0710_042022.pdf. (Last visited April 25, 2022.)

631 (1979). If both conditions are met, the case is moot "because neither party has a legally cognizable interest in the final determination of the underlying questions of fact or law." *Id*.

There is a limited exception to the mootness doctrine that may apply when the defendant has voluntarily ceased engaging in the challenged practice. Under the voluntary cessation exception, a "defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Chem. Producers and Distrib. Ass'n v. Helliker*, 463 F.3d 871, 876 (9th Cir. 2006) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)). This doctrine alleviates the concern that a defendant could resume the challenged conduct as soon as the case is dismissed. *Bell v. City of Boise*, 709 F.3d 890, 898 (9th Cir. 2013). A defendant may overcome the voluntary cessation exception to mootness, however, by showing that there is "no reasonable expectation that the wrong will be repeated," and that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Nat'l Res. Def. Council v. City of Los Angeles*, 840 F.3d 1098, 1104 (9th Cir. 2016) (quoting *Gwaltney v. Smithfield, Ltd. V. Chesapeake Bay Found.*, 484 U.S. 49, 66 (1987)). Once it is "absolutely clear" that the challenged conduct cannot "reasonably be expected to recur," the fact that a party relies on conjectural or hypothetical speculation "does not give rise to the sort of 'concrete' and 'actual' injury necessary to establish Article III standing." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 94–97 (2013).

### A. The Plaintiff's complaint is moot.

All three claims raised in the complaint were rendered moot when ADCRR revised its execution protocol. As discussed, ADCRR revised its protocol in response to the Supreme Court's decision in *Ramirez*. Accordingly, the alleged unlawful conduct—ADCRR's denial of a spiritual advisor in the execution chamber to lay hands on and speak to the inmate—will not recur because doing so

4

would put ADCRR at odds with federal law. Additionally, ADCRR's revision to the execution protocol has "irrevocably eradicated" Plaintiff's alleged constitutional and statutory violations. *Davis*, 440 U.S. at 631. At this juncture, there is no relief this Court can provide that is not addressed in the revised execution protocol. *See Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) ("If there is no longer a possibility that [a plaintiff] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."). Thus, Plaintiff's claims are moot and must be dismissed because there is no live case or controversy for this Court to adjudicate.

### B. Defendants meet their burden to overcome the voluntary cessation exception.

If Plaintiff invokes the voluntary cessation exception, Defendants meet their "heavy" burden to overcome it. *See Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citations omitted). Policy changes, such as ADCRR's revision to the execution protocol, have been found to render a case moot and overcome the voluntary cessation exception. *See id*. at 971–74; *see also White v. Lee*, 227 F.3d 1214, 1242–44 (9th Cir. 2000). That is the case here.

The Ninth Circuit is more likely to find mootness where: (1) "the policy change is evidenced by language that is 'broad in scope and unequivocal in tone[]'"; (2) the policy change addresses all of the challenged conduct that the defendants took against the plaintiffs in the case; (3) the present case was the catalyst for the policy change; (4) the length of time the policy has been in place; and (5) the government agency has not engaged in similar conduct since the change in policy. *Id*. at 972 (citations omitted). On the other hand, if the new policy could be easily abandoned or altered in the future, the Ninth Circuit is less inclined to find mootness. *Id*. (citing *Bell*, 709 F.3d at 901).

Here, Defendants meet their burden because the allegedly wrongful behavior is not reasonably expected to recur. *Nat'l Res. Def. Council*, 840 F.3d at 1104. Additionally, the five *Rosebrock* factors favor the determination that ADC's

revision to the execution protocol has rendered the Plaintiff's complaint moot. First, the language in the revised policy broadly allows a spiritual advisor to accompany the inmate into the execution chamber "for audible prayer and religious touch, consistent with the U.S. Supreme Court's Opinion in *Ramirez v. Collier* (March 24, 2022)[.]" Exhibit A at 3. The only restrictions imposed on the spiritual advisor are provided in Form 710–9 and are recommended under *Ramirez*. 142 S. Ct. at 1283.

Second, the revised policy "fully addresses" all of the objectionable conduct because it allows for both religious touch and prayer with the inmate. *See Rosebrock*, 745 F.3d at 973; *White* 227 F.3d at 1243. Third, although the execution protocol was revised to comply with *Ramirez*, the Plaintiff's request was, at least in part, the "catalyst" for both the change in protocol and the creation of Form 710–9. *See Rosebrock*, 745 F.3d at 974.

Although the fourth factor, the length of time the policy has been in place, would appear to weigh against finding mootness, that is not the case. While it may be easier to find mootness when a policy has been in effect for a longer period, the overall concern is whether the challenged conduct can "be repeated" or "recur." *Nat'l Res. Def. Council*, 840 F.3d at 1104; *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC)*, Inc., 528 U.S. 167, 189 (2000) (party asserting mootness must show allegedly wrongful behavior not reasonably likely to "recur"); *White*, 227 F.3d at 1242–44 (party must demonstrate that "the challenged conduct cannot reasonably be expected to start up again"). Here, ADC revised the execution protocol as soon as practical to comply with federal law, thereby alleviating all concern that the challenged conduct will recur. *See Rosebrock*, 745 F.3d at 971 (citing *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010) ("We presume that a government entity is acting in good faith when it changes its policy[.]")) Any argument to the contrary is "conjectural or

1  hypothetical" speculation that is insufficient to overcome mootness. *Nike, Inc.*, 568 U.S. at 97.

Finally, ADCRR has never "engaged in conduct similar to that challenged by the plaintiffs[.]" *Rosebrock*, 745 F.3d at 974 (quoting *White*, 227 F.3d at 1243). Although the revision to the execution protocol was recent, it was made within 30 days of the *Ramirez* decision and no other inmates have since been denied the presence of a spiritual advisor in the execution chamber.

All five of the *Rosebrock* factors indicate that the claims raised in the complaint are moot. This Court cannot provide any relief that has not already been provided through ADCRR's revision to the execution protocol. Under these circumstances, "[a]ny opinion by this court at this juncture would amount to an impermissible advisory opinion[.]" *See Akina v. Hawaii*, 835 F.3d 1003, 1011 (9th Cir. 2016) (citing *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) (per curiam) ("We do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before us.")). This Court should therefore dismiss the complaint as moot under Rule 12(b)(1).

Respectfully submitted this 25th day of April, 2022.

        Mark Brnovich
        Attorney General

        Jeffrey Sparks
        Acting Chief Counsel

        s/ David Ahl
        Assistant Attorney General

        Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and served the attached document using ECF on the following registered participants of the ECF System:

Joseph J. Perkovich
Amy P. Knight
j.perkovich@phillipsblack.org
amy@amyknightlaw.com

*Attorneys for Plaintiff*

s/ Liz Gallagher

SA49QAGW0EGKVK