MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

JEFFREY L. SPARKS (STATE BAR NO. 027536)
LAURA P. CHIASSON (STATE BAR NO. 19025)
DAVID AHL (STATE BAR NO. 029212)
ASSISTANT ATTORNEYS GENERAL

CAPITAL LITIGATION SECTION
2005 N. CENTRAL AVENUE
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 542-4686
CLDOCKET@AZAG.GOV
ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br>        Plaintiff,<br><br>-v-<br><br>David Shinn, et al.,<br>        Defendants. | CV 22–00625–PHX–JAT (JZB)<br><br>**REPLY TO RESPONSE TO MOTION TO DISMISS** |

## INTRODUCTION

This Court lacks subject-matter jurisdiction in this case because the issues raised in the complaint are moot as a result of the Arizona Department of Corrections Rehabilitation and Reentry's ("ADCRR") revisions to the execution protocol. Atwood specifically requested that he be allowed the presence a spiritual advisor to administer last rites and touch him during the execution. As discussed in the Motion to Dismiss, Dkt. # 10, ADCRR revised its protocol and now allows for both audible prayer and religious touch during the inmate's execution. Therefore, there is no live case or controversy for this Court to consider and the complaint should be dismissed.

# ARGUMENT

## I. Atwood's complaint is moot.

This Court lacks subject-matter jurisdiction in this case because the issues raised in the complaint are moot, depriving this court of a live case or controversy to adjudicate. *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123–24 (9th Cir. 1997). As discussed in the Motion to Dismiss, Dkt. # 10 at 3–4, Atwood's prayers for relief became moot when ADCRR revised its execution protocol to allow a spiritual advisor to accompany him into the execution chamber to audibly pray and lay hands on him. *See Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). Because ADCRR's revised protocol satisfies Atwood's prayers for relief in his complaint, there is no actual injury that this Court can redress with a favorable judicial decision. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) ("To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision.") (citation omitted).

In his complaint, Atwood specifically requests that his "spiritual advisor [] be physically proximate at the time of his execution and able to place hands upon Mr. Atwood and speak directly to him in the administering of last rites under the Greek Orthodox faith[.]" Dkt. #1 at 15. Atwood also requested that ADCRR amend its execution protocol to explain how it will accommodate the spiritual advisor's presence in the execution chamber. *Id*. at 15, ¶ 5. Atwood based his request on the Supreme Court's recent decision of *Ramirez v. Collier*, 142 S. Ct. 1264 (2022), which he cites multiple times in the complaint. *See* Dkt. # 1 at ¶¶ 6, 33, 57.

As a result of the *Ramirez* decision, ADCRR revised its execution protocol to allow a spiritual advisor to accompany the inmate into the execution chamber "for audible prayer and religious touch[.]" Dkt. # 10, Ex. A at 3, section 2.1.3.1.1. Additionally, ADCRR created Form 710–9 "Official Witness Agreement–Clergy

2

or Spiritual Advisor," which establishes the conditions under which the spiritual advisor will be permitted to pray with and touch the inmate. Dkt. # 10, Ex. B. As a result of the revised protocol and Form 710–9, all of Atwood's requests—audible prayer, religious touch, and for ADCRR to amend its execution protocol—have been satisfied, and there is no favorable judicial decision that this Court can provide based on the complaint.  Thus, there is no live case or controversy and this Court lacks jurisdiction to adjudicate the complaint.

In an attempt to defeat this motion to dismiss, Atwood argues that the case remains alive because, under the revised execution protocol, ADCRR is may impose "any and all" restrictions it deems reasonable. Dkt. # 11 at 4–5.  Atwood seemingly abandons the nature of his original complaint and asserts that the "central matter in this litigation is what restrictions are reasonable in light of Mr. Atwood's religious needs and the Department's compelling interest[.]" Dkt. # 11 at 5. Atwood is mistaken because the central matter in this litigation, according to Atwood's complaint, is whether ADCRR will accommodate his religious exercise by permitting his spiritual advisor to accompany him in the execution chamber to administer last rites and touch him during the execution. Dkt. # 1 at 2–15, ¶¶ 2, 22, 29, 31, 34, 36, 42, 43, 48, 57–59. Atwood never challenged the reasonableness of ADCRR's restrictions; nor could he—the revised execution protocol did not exist when he filed the complaint.

To the extent Atwood argues that ADCRR's restrictions in the revised protocol are unreasonable and violate his religious rights, that claim must be exhausted through the prison's administrative system pursuant to the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a). Because Atwood has not made any requests under the revised execution protocol, he does not know whether ADCRR will impose objectionable restrictions on his spiritual advisor. Atwood's concerns that his spiritual advisor will not know when he can and cannot talk, or for how long he will be allowed to pray, s*ee* Dkt. # 11 at 6–7, can be addressed

3

1  prior to the execution because ADCRR, based on the recommendations from
2  *Ramirez*, included a requirement that the spiritual advisor undergo any required
3  training to avoid any problems that may occur in the execution chamber. *See* Dkt.
4  # 10, Ex. B, ¶ 9; *Ramirez*, 142 S. Ct. at 1283. Atwood's attempt to litigate the
5  reasonableness of the revised protocol's restrictions does not create a live case or
6  controversy for this Court, especially where all of the requests in his complaint
7  have been met.
8      Atwood next argues that his complaint should not be dismissed because
9  defendants cannot meet their burden under the voluntary cessation doctrine. Dkt. #
10 11 at 7–9. When a party ceases to engage in allegedly wrongful behavior in
11 response to litigation, the case isn't moot unless the party alleging mootness shows
12 that the "allegedly wrongful behavior could not reasonably be expected to recur."
13 *Nat'l Res. Def. Council v. City of Los Angeles*, 840 F.3d 1098, 1104 (9th Cir. 2016)
14 (citations omitted). Because ADCRR revised its execution protocol to comply
15 with federal law, there is no reason to believe it will reverse course and violate its
16 own policy and *Ramirez*.
17     This Court can be assured that ADCRR will not deny Atwood's requests
18 once this litigation is dismissed due to the *Ramirez* decision. The Ninth Circuit
19 treats "the voluntary cessation of challenged conduct by government officials 'with
20 more solicitude . . . than similar action by private parties[]'" because its presumes
21 the government is acting in good faith. *Board of Trustees of Glazing Health and*
22 *Welfare Trust v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (citing *Am. Cargo*
23 *Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010)). Not only is
24 ADCRR presumed to act in good faith, but it is also motivated to provide Atwood
25 access to a spiritual advisor because doing otherwise could be a violation of federal
26 law. *See U.S. v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (the motives of a party
27 to cease engaging in the challenged conduct is a consideration); *see also Sheely v.*
28 *MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007).

ADCRR's revision to the execution protocol based on a change in federal law is sufficient evidence for this Court to determine that the challenged conduct will not recur.  The Ninth Circuit has made such a finding on actions less significant than a change in federal law.  For instance, in *Rosebrock v. Mathis*, law enforcement officers inconsistently enforced a government regulation that prohibited the posting of materials, including flags, on property belonging to the Department of Veterans Affairs (VA).  745 F.3d 963, 966 (9th Cir. 2014).  Over several months, law enforcement did not enforce the regulation when Rosebrock hung an American flag right-side up on a fence outside the VA hospital, but did enforce it when he hung the flag upside down.  *Id*.  After Rosebrock filed a complaint in federal court, a VA associate director sent an email instructing the law enforcement officers to strictly enforce the regulation and, specifically, not to allow any flags to be displayed on VA properly in any position.  *Id*. at 969.  The Ninth Circuit determined that the email was sufficient to render Rosebrock's injunctive request moot because the government's inconsistent enforcement of the regulation was not likely to recur.  *Id*. at 972–74.

In another case, *White v. Lee*, three neighbors alleged that an investigation performed by the Department of House and Urban Development (HUD) violated their First Amendment rights.  227 F.3d 1214, 1220 (9th Cir. 2000).  In response to the allegations, an assistant secretary for Fair Housing and Equal Opportunity drafted a memorandum providing directions on how investigations involving a potential First Amendment right should be conducted.  *Id*. at 1242–43.  The Ninth Circuit held that the memorandum "represent[ed] a permanent change in the way HUD conducts [] investigations, not a temporary policy that the agency will refute once this litigation has concluded. . . . Further, it addresses all of the objectionable measures that HUD officials took against the plaintiffs in this case, and even confesses that the agency's adoption of the new policy."  *Id*. at 1243.  Based on

5

these factors, the court determined that HUD met its burden of proving that the challenged conduct would not reasonably be expected to recur. *Id*. at 1244.

Here, the *Ramirez* decision and ADCRR's revised execution protocol show that the challenged conduct is not likely to recur. If an email in *Rosebrock* was adequate, the changes here are more than sufficient. Additionally, similar to *White*, the revised execution protocol represents a permanent change, not a temporary policy, and it addresses all of the objectionable measures that Atwood raised in his complaint. Moreover, Atwood, at least in part, was the impetus for ADCRR's decision to update its protocol due to his pending execution. Therefore, this Court should find that ADCRR cannot reasonably be expected to later deny Atwood's request for a spiritual advisor.

Atwood's argument that ADCRR simply cannot be trusted to abide by *Ramirez* is unpersuasive. There is no concrete basis to support Atwood's argument that ADCRR will abandon the revised execution protocol and deny him the ability to have a spiritual advisor in the execution chamber. Atwood's arguments that the objectionable conduct will recur are speculative, which is insufficient to justify application of the voluntary cessation doctrine. *Roy v. State of Arizona*, 2006 WL 120328 at *6 (D. Ariz. Jan. 13, 2006) ("Where 'the possibility of recurrence of the challenged conduct is only a speculative contingency,' *Burbank v. Twomey*, 520 F.2d 744, 748 (7th Cir. 1975), the case must still be dismissed as moot."). Federal law requires ADCRR to allow a spiritual advisor into the execution chamber with Atwood and ADCRR is presumed to act in good faith and follow the law. *Am. Cargo*, 625 F.3d at 1180. Atwood's arguments about a future violation are speculative, unpersuasive, and do not save his claims from mootness. Thus, this Court should dismiss his complaint as moot.

/ / /

/ / /

/ / /

Respectfully submitted this 13th day of May, 2022.

Mark Brnovich
Attorney General

Jeffrey Sparks
Chief Counsel

s/ David Ahl
Laura Chiasson
Assistant Attorneys General

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and served the attached document using ECF on the following registered participants of the ECF System:

Joseph J. Perkovich
Amy P. Knight
j.perkovich@phillipsblack.org
amy@amyknightlaw.com

*Attorneys for Plaintiff*

s/ Liz Gallagher

SSW6YIRY0E0F1L