MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

JEFFREY L. SPARKS (STATE BAR NO. 027536)
LAURA P. CHIASSON (STATE BAR NO. 19025)
DAVID AHL (STATE BAR NO. 029212)
ASSISTANT ATTORNEYS GENERAL
CAPITAL LITIGATION SECTION
2005 N. CENTRAL AVENUE
PHOENIX, ARIZONA  85004
TELEPHONE: (602) 542-4686
CLDOCKET@AZAG.GOV

ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br>                              Plaintiff,<br><br>          -v-<br><br>David Shinn, et al.,<br>                              Defendants. | CV 22–00625–PHX–JAT (JZB)<br><br><br>**MOTION TO DISMISS<br>AMENDED COMPLAINT** |

### INTRODUCTION

Defendants David Shinn, Jason Kimble, Jeff Van Winkle, and Lance Hetmer ("Defendants") move this Court to dismiss Plaintiff Frank Atwood's amended complaint (Dkt. 14) pursuant to Federal Rule 12(b)(1) & (6).  Atwood asserts that the Arizona Department of Corrections, Rehabilitation and Reentry's ("ADCRR") revised execution protocol violates his constitutional rights under the First Amendment's Establishment and Free Exercises Clauses (Claims 1 and 2, respectively), and substantially burdens his religious exercise under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. ("RLUIPA") (Claim 3).  Dkt. 14, at ¶ 48–69.  This Court lacks subject matter jurisdiction to consider Atwood's unripe claims under Rule 12(b)(1) because

1   ADCRR has not imposed any restriction that violates his constitutional rights or
2   substantially burdens his religious exercise.  The amended complaint also fails to
3   state a claim upon which relief can be granted under the First Amendment or
4   RLUIPA pursuant to Fed. R. Civ. P. 12(b)(6).   Finally, Atwood has failed to
5   exhaust administrative remedies prior to filing his lawsuit, which mandates
6   dismissal under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)
7   ("PLRA").   For these reasons, the amended complaint should be dismissed.

8          Finally, in his prayers for relief Atwood requests a stay of execution.  *See*
9   Dkt. 14, at 20 ¶ 5(c).  If this Court denies this motion to dismiss, a stay of
10  execution is not the appropriate remedy.   The proper remedy is a preliminary
11  injunction ordering ADCRR to accommodate Atwood's religious exercise.  *See*
12  *Ramirez*, 142 U.S. at 1282 (quoting 18 U.S.C. § 3626(a)(2)) ("Preliminary
13  injunctive relief in a prison conditions suit must be narrowly drawn, extend no
14  further than necessary to correct the harm the court finds requires preliminary
15  relief, and be the least intrusive means necessary to correct that harm.").  As will
16  be discussed, ADCRR's execution protocol allows Atwood two hours of visitation
17  prior to his execution.  This Court could issue an injunction ordering that ADCRR
18  permit Atwood's spiritual advisor to meet with him during this two-hour period to
19  administer tonsure and last rites.   Accordingly, a stay of execution is neither
20  appropriate nor necessary.

21                               **BACKGROUND**

22         In his initial complaint (Dkt. 1), Atwood challenged the prior version of
23  ADCRR's execution protocol, citing *Ramirez v. Collier*, 142 S. Ct. 1264 (2022).
24  *Ramirez* was recently decided on March 24, 2022, and held[1] that an inmate's rights
25  under RLUIPA would be violated if the State did not permit a spiritual advisor to

26  _____

27  [1] The Supreme Court addressed Ramirez's RLUIPA claim in the context of a
    request for a preliminary injunction; thus, the Court held that Ramirez was *likely* to
28  prevail on the merits of his RLUIPA claim.  142 S. Ct. at 1284 (emphasis added).

lay hands on the inmate during the execution and pray over him.  142 S. Ct. at 1284.    Atwood  argued  that  the  former  execution  protocol  violated  his constitutional and statutory rights because it did not allow for a spiritual advisor to accompany him into the execution chamber to audibly pray or lay hands on him during the execution.  Dkt. 1, at ¶¶ 40–60.  In response to the *Ramirez* decision, ADCRR  revised  its  execution  protocol  to  allow  for  both  audible  prayer  and religious touch.    Exhibit A, at 3, section 2.1.3.1.1.[2]    In conjunction with these revisions, ADCRR created Form 710–9 "Official Witness Agreement–Clergy or Spiritual Advisor" which details the conditions under which the spiritual advisor will be allowed to touch and pray with the inmate during the execution.  Exh. B. Based on these revisions to the protocol, Defendants moved to dismiss Atwood's complaint on mootness grounds.  Dkt. 10.

Atwood subsequently filed his amended complaint and now asserts that the revised protocol is insufficient because it fails to ensure that his spiritual advisor will be able to administer last rites or allow time for the spiritual advisor to tonsure him as an Orthodox monk prior to his execution.  Dkt. 14, at ¶¶ 50, 57, 66. Atwood  asks  this  Court  to  declare  that  the  revised  protocol  violates  his constitutional and statutory rights, and seeks an injunction ordering ADCRR to permit his spiritual advisor to tonsure him prior to the execution—a process he alleges takes one hour—and prescribe procedures to ensure administration of his last rites.  *Id*. at 19–20, ¶ 1–3.  Atwood also seeks an injunction ordering ADCRR from executing him without a "valid" execution protocol that accommodates his religious exercise.  *Id*. at 20, ¶ 4.  Finally, Atwood asks this Court to order ADCRR to amend  its  execution  protocol  to  identify  the  specific  means  by  which  it  will

---

[2] The execution protocol is also made available to the public on the Arizona Department   of   Corrections   Rehabilitation   and   Reentry   website   at: https://corrections.az.gov/sites/default/files/policies/900/0710_042022.pdf.    (Last visited May 23, 2022.)

accommodate his religious exercise, and a stay of execution until such amendments are established. *Id*. at 20, ¶ 5.

In his amended complaint, Atwood addresses two methods of execution: lethal injection and lethal gas. Dkt. 14, at ¶¶ 5, 7, 37, 40, 50, 51, 57, 59. Under Arizona law, Atwood was required to elect either lethal injection or lethal gas as the method of execution at least twenty days before the execution date. A.R.S. § 13–757(B). Failure to elect one of the two methods results in an execution by lethal injection. *Id*. Atwood failed to elect a method so he will be executed by lethal injection. Therefore, his claims pertaining to lethal gas are moot and not addressed in this motion.

## ARGUMENT

### I.     Atwood's amended claims are not ripe for adjudication.

The ripeness of a claim implicates a court's subject matter jurisdiction under the case or controversy clause of article III of the Constitution and is properly brought under Rule 12(b)(1). *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (citations omitted). A claim is not ripe if it depends on "contingent future events that may not occur as anticipated, or indeed not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation and internal quotation omitted). Reliance on contingent future events is insufficient because the defendant may never suffer a concrete and particularized injury, and therefore would not be able to establish that he has a live case or controversy. *Bova v. City of Medord*, 564 F.3d 1093, 1095–96 (9th Cir. 2009). When considering a motion to dismiss under Rule 12(b)(1), the plaintiff's allegations are not presumed truthful and this Court can evaluate the merits of a jurisdictional argument when material facts are in dispute. *Henry v. City of Somerton*, No. CV–18–03058–PHX–DJH, 2019 WL 11753646 at *3 (D. Ariz. Sept. 18, 2019) (citing *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). Plaintiff bears the burden of establishing jurisdiction. *Id*.

1    Atwood has not yet suffered a concrete and particularized injury, and
2   therefore his claims are unripe, because ADCRR has not denied his request to
3   receive tonsure or last rites.   Atwood merely speculates, relying on contingent
4   future events, that the revised protocol does not allow the time necessary for his
5   spiritual advisor to administer his tonsure and last rites.   To the contrary,
6   ADCRR's execution protocol permits Atwood two hours of visitation with his
7   attorneys prior to his execution, time which ADCRR will allow him to meet with
8   his spiritual advisor.  Exh. A, at 15, section 12.5.2.  While there are restrictions
9   imposed on the spiritual advisor during the execution, Atwood does not challenge
10   them in his amended complaint—likely because they comply with *Ramirez*.  *See*
11   Exh. B at ¶ 8; *Ramirez*, 142 S. Ct. at 1280, 1283.

12    Rather, Atwood challenges ADCRR's reservation of the right to impose
13   "any and all reasonable restrictions[]" as burdening his religious exercise.  Dkt. 14,
14   ¶ 35.  This facial challenge to the revised protocol is legally untenable and does
15   not create a ripe issue for this Court.   The broad language used by ADCRR is
16   necessary where, as here, "the resolution of RLUIPA claims in the prisoner context
17   requires a case-specific consideration of the particular circumstances and claims."
18   *Ramirez*, 142 S. Ct. at 1283.   ADCRR's broadly worded execution protocol is
19   consistent with congress's intent "to provide very broad protection for religious
20   liberty[]" when it enacted RLUIPA and the Religious Freedom Restoration Act of
21   1993 ("RFRA").   *Holt v. Hobbs*, 574 U.S. 352, 356 (2015) (citing *Burwell v.
22   Hobby Lobby Stores, Inc.*, 573 U.S. 682, 693 (2014)).  If ADCRR were to amend
23   its protocol with specific terms to accommodate Atwood's religious exercise, it
24   runs the risk of burdening another inmate's religious exercise.  By not imposing
25   restrictions specific to one religion, ADCRR allows for reasonable restrictions to
26   be imposed on spiritual advisors on a case-by-case basis without burdening any
27   one religion, allowing for a "more focused" analysis of each inmate's religious
28

exercise.  *Holt*, 574 U.S. at 363 (citing *Hobby Lobby,* supra, at 726) (additional citations omitted).  Atwood's facial challenge to the execution protocol is baseless.

ADCRR has not imposed any restriction that burdens or prevents Atwood's religious exercise.  Consequently, he speculates that ADCRR will not provide sufficient time for the administration of his tonsure and last rites, but reliance on a contingent future event does not establish ripeness.  Atwood is free to reserve two hours with his spiritual advisor on the morning of his execution and ADCRR will accommodate that request.  Thus, there is no claim that is ripe for this Court's review.

## II.  Atwood's amended complaint should be dismissed pursuant to Rule 12(b)(6).

### a.  Atwood fails to state a claim upon which relief may be granted.

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief may be granted.  "A plaintiff must plead sufficient facts that, if true, 'raise a right to relief above the speculative level.'"  *Henry*, 2019 WL 11753646 at *3 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  On a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  The Supreme Court has made clear that this "plausibility" standard is not simply a probability requirement, but imposes a standard higher than "a sheer possibility."  *Id.*, 556 U.S. at 679.

To satisfy Article III's standing requirement, Atwood must allege (1) an injury in fact that is concrete and particularized and actual or imminent, but not conjectural or hypothetical; (2) a causal connection between the above injury and a defendant's conduct; and (3) that it is likely, not speculative, that judicial relief will redress the above injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  Where, as here, the plaintiff seeks injunctive relief, he must satisfy an additional requirement by alleging an immediate threat of future injury.  *City of*

1   *Los Angeles v. Lyons*, 461 U.S. 95 (1983).

2       Atwood lacks standing because his claim that the revised protocol
3   substantially burdens his religious exercise is hypothetical.  Under RLUIPA, the
4   government may not "impose a substantial burden on the religious exercise of a
5   person residing in or confined to an institution," 42 U.S.C. § 2000cc-1(a), unless it
6   can show that burden is the least-restrictive means of furthering "a compelling
7   governmental interest."  *Id.*; *see also* § 2000cc-1(b).  A substantial burden exists
8   when an inmate is "coerced by the Government's action into violating their
9   religious beliefs," or when "governmental action penalize[s] religious activity."
10  *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 449 (1988); *see also*
11  *Hobby Lobby*, 573 U.S. at 720 (a substantial burden exists where government
12  policy forces a claimant to "engage in conduct that seriously violates [his] religious
13  beliefs.").  The plaintiff bears the initial burden of proving that the challenged
14  policy implicates his religious exercise.  § 2000cc-5(7)(A).

15      Atwood fails to meet his initial burden of proving that ADCRR has
16  substantially burdened his religious exercise.  In his amended claims for relief,
17  Atwood contends that ADCRR's execution protocol "fails to ensure" his spiritual
18  advisor will be permitted to perform tonsure and last rights.  Dkt. 14, at ¶¶ 50, 67,
19  68.  Atwood's argument—that the revised protocol burdens his religious exercise
20  because it does not affirmatively state that his spiritual advisor may administer
21  tonsure and last rites—is based on the wrong legal standard.  Under RLUIPA,
22  Atwood must show that the revised protocol "substantially burdens his exercise of
23  religion."  *Ramirez*, 142 S. Ct. at 1278.  There is no language in the policy that
24  coerces Atwood into violating his religious beliefs, penalizes his religious activity,
25  or in some other way "substantially burdens" his ability to have tonsure and last
26  rites before the execution.  The absence of affirmative language does not equate to
27  a substantial burden.  Atwood's claims are speculative and hypothetical because he
28  has not suffered an actual or imminent injury.  *Lujan*, 504 U.S. at 560–61.   Thus,

1   he fails to state a claim above the speculative level on which this Court can grant
2   relief and his amended complaint should be dismissed.

3                    ***b. Failure to exhaust.***

4            The second ground for dismissal under Rule 12(b)(6) is Atwood's failure to
5   exhaust his claims through the prison's administrative process.   The PLRA
6   requires Atwood to exhaust his claims through the prison's administrative system
7   before raising them in this Court.  42 U.S.C. § 1997e(a). When a failure to exhaust
8   a claim is clear on the face of the complaint, a defendant can move for dismissal
9   under Rule 12(b)(6).  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

10           On the face of the complaint, it is clear that Atwood has not exhausted his
11  claims through the prison because he fails to allege any attempt to request religious
12  accommodations under the revised protocol.  Rather, he asserts that such efforts
13  would be futile because one of his previous grievances went unprocessed.  Dkt. 14,
14  at ¶ 46.  However, Atwood fails to demonstrate how an unrelated grievance, filed
15  before ADCRR revised its execution protocol, has any bearing on the claims in his
16  amended complaint.

17           Atwood should be required to exhaust his claims that the revised protocol
18  does not accommodate his religious exercise through the prison's administrative
19  process.  Requiring Atwood to seek relief through the prison may provide the relief
20  he seeks without expending judicial resources. *See Guatay Christian Fellowship v.*
21  *County of San Diego*, 670 F.3d 957, 979 (9th Cir. 2011).  If his request for
22  religious accommodations are not met, the exhaustion process will assist this Court
23  in conducting a RLUIPA analysis by developing a record and informing this Court
24  on how ADCRR applied the revised protocol to Atwood's individual religious
25  beliefs.  *Id*.  More importantly, it will give this Court sufficient information to
26  determine whether ADCRR has substantially burdened Atwood's religious
27  exercise under RLUIPA.  *Id*. at 976.  Without proper exhaustion, this Court is

28

"unable to discern whether there is a true case or controversy, and any resulting injury." *Id*. at 980.  Accordingly, the amended complaint should be dismissed.

## CONCLUSION

For these reasons discussed above, Atwood's claim should be dismissed pursuant to Rule 12(b)(1) & (6).

Respectfully submitted this 25th day of May, 2022.

Mark Brnovich
Attorney General

Jeffrey Sparks
Deputy Solicitor General/
Chief of Capital Litigation

s/ David Ahl____
Assistant Attorney General
Laura Chiasson
Assistant Attorney General

Attorneys for Defendants

9

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and served the attached document using ECF on the following registered participants of the ECF System:

Joseph J. Perkovich
Amy P. Knight
j.perkovich@phillipsblack.org
amy@amyknightlaw.com

*Attorneys for Plaintiff*

s/ Liz Gallagher

S8RBV3OR0EYH3M