JOSEPH J. PERKOVICH, ESQ. (*pro hac vice*)
NY Bar No. 4481776
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
Tel: (212) 400-1660
j.perkovich@phillipsblack.org

AMY P. KNIGHT, ESQ.
AZ Bar No. 031374
Knight Law Firm, PC
3849 E Broadway Blvd, #288
Tucson, AZ 85716-5407
Tel: (520) 878-8849
amy@amyknightlaw.com

DAVID A. LANE, ESQ. (*pro hac vice*)
CO Bar No. 16422
REID ALLISON, ESQ. (*pro hac vice*)
CO Bar No. 52754
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado  80202
Tel:  (303) 571-1000
dlane@kln-law.com
rallison@kln-law.com

Attorneys for Frank Jarvis Atwood

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>    Plaintiff,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>    Defendants. | No.: CV22-00625-PHX-JAT (JZB)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO CONSOLIDATE** |

1

**\*\*CAPITAL CASE\*\***

**Execution scheduled for June 8, 2022 at 10:00 am**

Plaintiff Frank Atwood respectfully files this response to Defendants' Motion to Consolidate (Doc. 17) and asks that this Court deny that motion.

Because the '860 Action was initially assigned to this Court and this Court ordered it reassigned, Plaintiff assumes any consolidation would take the form of this case being transferred to the judge who is considering the other case. This case has been before this Court for a month and a half already. This Court has issued three orders (Docs. 16, 20, and 21) setting out a plan for addressing these claims and, in the case of Doc. 21, specifically engaging with the merits of the case. This Court has become familiar with the nature of the request—an Orthodox tonsure ceremony and last rites. The issues have been significantly narrowed, and appear likely to be largely resolved relatively expeditiously.

Meanwhile, in the other case (the '860 Action), the parties have fully briefed a motion for emergency injunctive relief that is set for a hearing on Friday, June 3. The Amended Complaint in the '860 action includes ten claims for relief, addressing Mr. Atwood's physical disabilities, the qualifications of the lethal injection team, the fitness of the lethal injection drugs, and the Department's obligation under the Arizona Constitution and state statute to provide Mr. Atwood the option of execution by lethal

gas. None of those issues—many of which are technical and complex—are before this Court. Attempting to graft the issues laid out in this case onto that more sprawling, technical case would delay the resolution of the relatively straightforward claims at issue here. The '860 action also includes two defendants not named here.

Defendants argue that the two cases involve "common issues of fact." (Motion, Doc. 17, at 2). But at this point, that is mostly untrue. In the '860 action, the parties are disputing whether Mr. Atwood can lie down on a table, can do that with a particular pillow, or must stay in his chair. That has no bearing at all on the tonsure ceremony, which the parties have now agreed can occur the day prior to the execution, nor does it affect whether the spiritual advisor is, at any time, allowed to place his priestly stole on Mr. Atwood's head during last rites inside the chamber.

Finally, while the Defendants do not mention this, the '860 action contains a claim that the Department still must offer Mr. Atwood a valid, constitutional lethal gas option. This case also asserts that Defendants have refused to agree to any accommodations for lethal gas, considering the issue to be moot based on its position that Mr. Atwood *was* given a choice and failed to make one, leading to a default method of lethal injection. Keeping the cases separate will allow the '860 Court to resolve that question, which will determine whether the gas question here is moot, or whether the parties should proceed to address it; this Court can simply wait to consider that issue until that information becomes available.

Consolidating the cases now, after a month and a half (an eternity in warrant litigation) and significant progress toward resolution, would lead to a waste of the effort this Court has already put in in resolving the religious exercise issues and needlessly complicate a part of the case that can otherwise be handled with relative simplicity. Accordingly, Mr. Atwood respectfully asks that this Court deny Defendants' motion to consolidate this case with the '860 Action.

Dated this 1st day of June, 2022.

/s/     Amy P. Knight

Amy P. Knight

Joseph J. Perkovich
David Lane
Reid Allison

Attorneys for Frank Atwood