JOSEPH J. PERKOVICH, ESQ. (*pro hac vice*)
NY Bar No. 4481776
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
Tel: (212) 400-1660
j.perkovich@phillipsblack.org

AMY P. KNIGHT, ESQ.
AZ Bar No. 031374
Knight Law Firm, PC
3849 E Broadway Blvd, #288
Tucson, AZ 85716-5407
Tel: (520) 878-8849
amy@amyknightlaw.com

DAVID A. LANE, ESQ. (*pro hac vice*)
CO Bar No. 16422
REID ALLISON, ESQ. (*pro hac vice*)
CO Bar No. 52754
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, Colorado   80202
Tel:  (303) 571-1000
dlane@kln-law.com
rallison@kln-law.com

Attorneys for Frank Jarvis Atwood

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>David Shinn, *et al.*, | No.: CV22-00625-PHX-JAT (JZB)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** |

1

|   |   |
|---|---|
| Defendants. | **CAPITAL CASE** |
|  | **Execution scheduled for June 8, 2022 at 10:00 am** |

Plaintiff Frank Atwood respectfully files this response to Defendants' Motion to Dismiss Amended Complaint (Doc. 19) and asks that this Court deny that motion.

## FACTUAL BACKGROUND

Frank Atwood, confined on Arizona's death row by the Arizona Department of Corrections, Rehabilitation & Reenty (the "Department"), has been a devout practitioner of the Greek Orthodox faith for more than two decades. He observes a strict schedule of prayer and study at the direction of his priest, Father Paisios, Abbot of the St. Anthony's Greek Orthodox Monastery in Florence, who baptized him into the faith in July, 2000 and has visited and ministered to him regularly for many years.

Now, Arizona is preparing to execute Mr. Atwood on June 8, 2022. Anticipating this event, Mr. Atwood asked the Department in June, 2021 to agree to permit Fr. Paisios to accompany him in the execution chamber to administer last rites (including the very same sacraments it has accommodated for many years), which requires physical presence, touch, and speaking directly to Mr. Atwood. The Department refused, without explanation, even to allow him in the room. After Mr. Atwood filed his original complaint in this matter on April 13, 2022 (Doc. 1), the Department hastily amended its

Execution Procedures (D.O. 710) on April 20, 2022 to address spiritual advisors. The recently amended protocol states:

> *2.1.3.1.1. The inmate may designate one clergy/spiritual advisor to accompany the inmate into the lethal injection execution chamber for audible prayer and religious touch, consistent with the U.S. Supreme Court's Opinion in Ramirez v. Collier (March 24, 2022), and the Department reserves the right to enforce as necessary any or all reasonable restrictions on the audible prayer and religious touch as set forth in the U.S. Supreme Court's Opinion.*

Five days later, Defendants filed a Motion to Dismiss, asserting that the amendment mooted Mr. Atwood's claims and they had fully satisfied their obligation to accommodate his religious exercise. On May 19, 2022, Mr. Atwood filed an Amended Complaint (Doc. 14), with the consent of Defendants. The following day, Defendants filed a motion to consolidate this case with a separate case Mr. Atwood filed against an overlapping set of defendants regarding the method of his execution (Doc. 17), and on May 25, 2022, Defendants filed a motion to dismiss the Amended Complaint (Doc. 19). Also on May 25, 2022, this Court ordered that by May 31, 2022, either the parties file a stipulated proposed form of injunction, or Defendants file a notice indicating where the parties disagree (Doc. 21). The parties subsequently exchanged proposed terms, and agreed on many of them, but Defendants have not agreed to allow Mr. Atwood to undergo the ritual of tonsure in a manner that comports with the requirements of his religion, nor to allow his spiritual advisor to place his priestly stole on Mr. Atwood's head during his last rites in the execution chamber. Moreover, Defendants have steadfastly refused to agree to any accommodations in the event of an execution by lethal

3

gas, as they have consistently taken the position that Mr. Atwood may now be executed only by lethal injection. Mr. Atwood believes he is still entitled to a choice of execution by a *constitutional* lethal gas method, and the Department, in designating hydrogen cyanide as the gas it would use, has yet to offer him the choice it is required under Arizona law to provide. *See* Motion (Doc. 19) at 4. This question has not yet been resolved by the Court where it has been presented.

## ARGUMENT

### I.  Mr. Atwood's Claims are Ripe.

Defendants' first argument is that Mr. Atwood's claims are not ripe because "ADCRR has not denied his request to receive his tonsure or last rites." Whatever the merits of that position may have been on May 25, now, Defendants *have* explicitly refused to fully accommodate Mr. Atwood's religious exercise, as spelled out in Defendants' own filing earlier today (Doc. 25).

### II.  Mr. Atwood's Claims Relating to Lethal Gas are Not Moot.

Defendants have asserted that Mr. Atwood is going to be executed by lethal injection, and "his claims pertaining to lethal gas are moot." Motion (Doc. 19) at 4. That is not the case. While Defendants have taken the position that Mr. Atwood failed to make a choice of method and thus has defaulted to lethal injection, Mr. Atwood has continued to assert that he has not yet been offered the choice the Department is obligated under Arizona law to provide him, between lethal injection and a valid, constitutional lethal gas method. That question, which is the subject of a separate suit with some different defendants

before a different judge, has not yet been resolved. Accordingly, the issue of religious accommodation for a lethal gas execution is still very much live.

Mr. Atwood does recognize that it is possible the lethal gas issue will become moot in the future, should his other lawsuit be resolved against him. In light of that possibility, it would be appropriate to maintain that issue in the case but wait to consider its merits until it has become clear one way or the other whether a lethal gas execution remains a possible outcome.

### III.     Mr. Atwood Has Stated a Claim On Which Relief May Be Granted.

Defendants have asserted Mr. Atwood "fails to meet his initial burden of proving that ADCRR has burdened his religious exercise." Motion (Doc. 19) at 7. That argument ignores the current posture of this case. What Defendants have filed here is a motion to dismiss. Mr. Atwood has no obligation to prove *anything* to overcome a motion to dismiss. Rather, he must simply *allege* facts sufficient to state a claim. He has alleged that Defendants are substantially burdening his exercise of a sincerely held religious belief by restricting the tonsure ceremony and last rites, and its restrictions are not the least restrictive means of furthering a compelling government interest. *See* Amended Complaint (Doc. 19), ¶¶ 67-69. That sufficiently states a claim under RLUIPA.

Moreover, Mr. Atwood's Amended Complaint asserts three counts: two under 42 U.S.C. § 1983 for violating the First Amendment, and one under RLUIPA. Defendants' motion makes no claim that Mr. Atwood has not alleged facts sufficient to establish the First Amendment claims.

Finally, to the extent that Defendants' argument on failure to state a claim is simply a repetition of their ripeness argument, it fails for the same reason: whatever the merits of that position might have been, at present, Defendants have definitively refused specific accommodations.

## IV. Mr. Atwood Has Sufficiently Exhausted His Claims.

Defendants claim Mr. Atwood "should be required to exhaust his claims that the revised protocol does not accommodate his religious exercise through the prison's administrative process." Motion (Doc. 19) at 8. But Defendants admit that his previous attempt to exhaust a claim about religious accommodation in the execution protocol was returned to him unprocessed. *Id.* Defendants characterize that as "an unrelated grievance." *Id.* That is disingenuous. The grievance Mr. Atwood did attempt to file is obviously intimately related to the claims asserted here; the present complaint is essentially a more detailed request for the same thing. *See* Exhibit D to Amended Complaint (Doc. 14-4). Moreover, Defendants ignore the *reason* they gave for failing to process the grievance: "This is in the ARS codes. Your Inmate Grievance for this case was unprocessed due to judicial proceedings or decision of the courts. You cannot submit a Grievance Appeal." Exhibit G to Amended Complaint (Doc. 14-7). In other words, the Department told Mr. Atwood in no uncertain terms that he could not address his request for religious accommodation during his execution by the grievance process. Defendants are required to "prove that there was an available administrative remedy." *Williams v. Paramo,* 775 F.3d 1182, 1191 (9th Cir. 2015). An "administrative remedy is not available

if 'prison officials inform the prisoner that he cannot file a grievance.'" *Id.* (quoting *Brown v. Valoff,* 422 F.3d 926, 937 (9th Cir. 2005)). That is precisely what happened here.

Finally, even if the claim were in some way unexhausted, that was entirely the result of Defendants' 11th-hour amendment to their protocol *after* Mr. Atwood filed his complaint. The relevant Supreme Court decision, *Ramirez v. Collier,* 142 S.Ct. 1264, was decided on March 22, 2022. The Department waited a full month to change its protocol, knowing full well that the State was in the process of securing an execution date for Mr. Atwood, and knowing full well that Mr. Atwood had previously requested religious accommodations during his execution that included the presence of his spiritual advisor inside the chamber. Worse, counsel for Defendants represented to Plaintiff that the Department had been preparing for that possibility since November of 2021—yet declined to inform Mr. Atwood that it was reconsidering its denial of his June, 2021 request for accommodations.

Mr. Atwood thoroughly attempted to address his requests through the process provided by the Department. He was met with a refusal to consider his grievance and with last-minute policy changes that did not provide any opportunity for administrative process prior to bringing suit. Defendants bear the burden of establishing there was available process that was not used. They cannot do that.

## CONCLUSION

This Court should deny Defendants' motion to dismiss and require that

Defendants respect and allow Mr. Atwood's religious exercise during his last moments. The restrictions Defendants continue to impose are unwarranted, and Defendants continue to refuse to address the possibility of a lethal gas execution, even though Mr. Atwood is actively seeking confirmation that a constitutional lethal gas method remains available to him and that issue remains unresolved. Accordingly, dismissal of this lawsuit would be improper, and this Court should deny Defendants' motion.

Dated this 1sft day of June, 2022.

/s/     *Amy P. Knight*

Joseph J. Perkovich
Amy P. Knight
David Lane
Reid Allison

Attorneys for Frank Atwood

.