1
2
3
4
5
6                      **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9    Frank Jarvis Atwood,                        No. CV 22-00625-PHX-JAT (JZB)

10                        Plaintiff,             **ORDER**

11   v.

12   David Shinn, et al.,

13                        Defendants.

14

15          Pending before the Court is Plaintiff's emergency motion for a preliminary

16   injunction (Doc. 28) regarding religious accommodations he seeks during his execution.

17   The parties agreed to various accommodations, (Doc. 25), but continue to have

18   disagreement regarding other religious accommodations sought by Plaintiff (*id*.).

19          Turning first to the accommodations to which the parties have agreed, the Court

20   previously noted (Doc. 21) that Defendants appeared to have agreed that the Court could

21   enter an injunction on the agreed-to accommodations.  However, when the parties filed

22   their joint notice regarding their agree-to accommodations (Doc. 25) they did not submit a

23   proposed form of injunction. Additionally, Plaintiff's proposed form of injunction

24   accompanying his emergency motion (Doc. 28-4) seeks an injunction on only the

25   accommodations to which the parties have not reached an agreement.  It is unclear to the

26   Court whether this failure to file a proposed form of injunction on the agreed-to

27   accommodations as ordered in Doc. 21 is because Plaintiff has decided that no injunction

28   is necessary based on Defendants' agreements as filed in the record (Doc. 25).  To clarify

1   the record, the parties will be given a deadline (again) to file a proposed form of injunction
2   as to all accommodations to which there is agreement.  If no proposed form of injunction
3   is filed by the deadline set below, the Court will deem that to mean Plaintiff concedes that
4   no injunction is necessary as to the agreed-to accommodations.

5          Turning next to the disputed accommodations, and the emergency motion for a
6   preliminary injunction, the Court will order expedited briefing as set forth below.  The
7   Court notes that Plaintiff has submitted the following proposed form of injunction (in
8   relevant part) regarding the disputed accommodations: "[Defendants]…are prohibited
9   from executing Mr. Atwood without first permitting (1) his participation in a tonsure
10  ceremony while confined to his wheelchair, with leg shackles, but not in a restraint chair,
11  and (2) receipt of last rites from his spiritual advisor inside the execution chamber,
12  including the placement of the priestly stole on his head." (Doc. 28-4).  Thus, these are the
13  only additional accommodations at issue before this Court.

14         In other words, the Court is under the impression that the scope of the "tonsure
15  ceremony" is agreed-to by the parties, with the only matter in dispute being whether
16  Plaintiff will be in his wheelchair with leg shackles or in a restraint chair during the tonsure
17  ceremony.  Additionally, the Court is under the impression that scope of Plaintiff receiving
18  last rites in the execution chamber is agreed-to by the parties, with the only matter in
19  dispute being whether the priestly stole may be placed on Plaintiff's head by his spiritual
20  advisor.  The Court has attempted to clarify and specify exactly what is at issue because
21  certain terminology such as "last rites", "tonsure ceremony", "priestly stole" and "in the
22  execution chamber" may not have a universally accepted definition.  Thus, if there is any
23  other request for accommodation at issue, other than what is underlined herein, Plaintiff
24  must file a revised form of proposed injunction within the deadline set below.  Any such
25  revised form of proposed injunction must use precise language as to what is being
26  requested rather than any terms that may be subject to differing understandings.  If Plaintiff
27  does not file a revised proposed injunction by the deadline set below, the Court will deem
28  any other requests for accommodation to be waived.  To be clear, this is NOT an invitation

1    for supplemental briefing.  Plaintiff may file a revised proposed injunction only if such a

2    proposed injunction is supported by the motion already on file.

3        Finally, Plaintiff continues to suggest in passive voice that Defendants may be

4    required to "offer a valid lethal gas option".  *See e.g.*, (Doc. 28 at 2; Doc. 28-4 at 1).  This

5    Court is unclear where Plaintiff thinks such an option is pending.  In other words, this Court

6    is unclear if such a request is pending before the state courts, within an administrative

7    grievance with Defendants, before another federal court, or in some other forum.  But to

8    clarify, there is no request pending in this case asking this Court to order Defendants to

9    proceed with a gas option.  (The undersigned has not undertaken to determine all relief

10   sought in the case the undersigned previously ordered reassigned (CV 22-860-PHX-MTL)

11   that Defendants now seek to have consolidated with this case.)

12       Notwithstanding the fact that this Court is unclear where any such directive might,

13   in Plaintiff's opinion, be coming from, the Court will require that if any source orders that

14   execution proceed by gas, within ONE HOUR of that order, Plaintiff must file a proposed

15   form of injunction specifying how he proposes that his religious requests could be

16   accommodated in those circumstances.  The Court understands that this Order requires a

17   very short turn around time. Thus, Plaintiff should be drafting any such proposed injunction

18   now in the event the option of lethal gas, which Plaintiff apparently continues to pursue, is

19   "required".   In this event, the state must respond to Plaintiff's proposed gas-based

20   injunction within 4 hours and discuss all requested religious accommodations.

21       Plaintiff is cautioned that the application of the test Plaintiff advocates that this

22   Court apply with respect to his requested religious accommodations will change based on

23   the method of execution. (Doc. 28 at 7 (Plaintiff states: "Under the statute, the Department

24   must not impose a substantial burden on Mr. Atwood's exercise of his sincerely held

25   religious belief unless the restriction "(A) is in furtherance of a compelling governmental

26   interest; and (B) is the least restrictive means of furthering that compelling governmental

27   interest." 42 U.S.C.A. § 2000cc (a)(1).").  In other words, the "least restrictive means" of

28

not substantially burdening religion during a lethal injection may not be the same as the "least restrictive means" of not substantially burdening religion during a gas-execution.

Based on the foregoing,

**IT IS ORDERED** that if Plaintiff seeks an injunction on the agreed-to religious accommodations, the parties must jointly file a proposed form of injunction by Friday, June 3, 2022.  If no proposed form of injunction is received by this deadline, the Court will deem Plaintiff to have waived an injunction on the agreed-to accommodations.

**IT IS FURTHER ORDERED** that if the Court has failed to capture <u>all</u> disputed religious accommodations sought by Plaintiff as underlined above, Plaintiff must file a revised form of preliminary injunction by Friday, June 3, 2022.  As indicated above, Plaintiff's failure to file any further requests by this deadline, or failure to have such requests contain the specificity required herein, will be deemed to be a waiver of any additional requests.

**IT IS FURTHER ORDERED** that Defendants must respond to the emergency motion for preliminary injunction (Doc. 28) by Saturday, June 4, 2022 (the Court has selected a Saturday due to the emergency nature of this request and Defendants may not file on the next business day; the response is due Saturday).

**IT IS FURTHER ORDERED** that Plaintiff must file a reply in support of his emergency motion for preliminary injunction by 9:00 a.m., Monday, June 6, 2022.

**IT IS FURTHER ORDERED** that if the method of execution is at any point deemed to be lethal gas, Plaintiff and Defendants must comply with the additional filing requirements set forth above.

Dated this 2nd day of June, 2022.

James A. Teilborg
Senior United States District Judge