MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

JEFFREY L. SPARKS (STATE BAR NO. 027536)
LAURA P. CHIASSON (STATE BAR NO. 19025)
DAVID AHL (STATE BAR NO. 029212)
ASSISTANT ATTORNEYS GENERAL
CAPITAL LITIGATION SECTION
2005 N. CENTRAL AVENUE
PHOENIX, ARIZONA  85004
TELEPHONE: (602) 542-4686
CLDOCKET@AZAG.GOV

ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>                    Plaintiff,<br><br>        -v-<br><br>David Shinn, et al.,<br><br>                    Defendants. | CV 22–00625–PHX–JAT (JZB)<br><br>**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** |

## INTRODUCTION

Atwood's amended complaint should be dismissed because his claims are not ripe for this Court's review and he fails to state a claim upon which relief can be granted under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).  *See* Fed. R. Civ. P. 12(b)(1), (6). Atwood has also failed to exhaust his claims through the Arizona Department of Corrections, Rehabilitation and Reentry's (ADCRR) administrative process. Atwood's response to the motion to dismiss argues that his claims are ripe, including his claims related to lethal gas, that he has stated a claim upon which relief can be granted, and that he has sufficiently exhausted his claims through the prison's administrative process.  Dkt. 27.

**ARGUMENT**

**A.    ATWOOD'S AMENDED CLAIMS ARE NOT RIPE.**

Atwood fails to address the issue of whether his claims were ripe when he filed his amended complaint.  Dkt. 27, at 4.  Rather, he argues that "Defendants *have* explicitly refused to fully accommodate Mr. Atwood's religious exercise, as spelled out in Defendants' own filing earlier today (Doc. 25)." Dkt. 27, at 4 (emphasis in original).  This Court must answer the threshold question of whether the claims in the amended complaint are ripe for its review.  *See Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990) (citation omitted) ("Ripeness is a threshold jurisdictional question; when claims are unripe the correct disposition is dismissal[.]").  "Ripeness is more than a mere procedural question; it is determinative of jurisdiction.  If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990) (citing *Shelter Creek Dev. Corp. v. City of Oxnard*, 838 F.2d 375, 377 (9th Cir. 1988).

Contrary to Atwood's assertion, the negotiations between the parties, memorialized in a Notice to this Court (Dkt. 25), have not created a ripe issue. Atwood has the burden of establishing jurisdiction and provides no authority to support his contention that negotiations between the parties can transform an unripe claim into a ripe one.  *See Henry v. City of Somerton*, No. CV–18–03058–PHX–DJH, 2019 WL 11753646 at *3 (D. Ariz. Sept. 18, 2019) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Atwood's claims are as unripe today as they were on the day he filed the amended complaint.

**B.    ATWOOD'S LETHAL GAS CLAIMS ARE MOOT AND UNRIPE.**

Atwood's claims pertaining to lethal gas are moot because Arizona law mandates that he be executed by lethal injection due to his failure to elect a method of execution at least twenty days before the execution date.   A.R.S.

§ 13–757(B).    Atwood asserts that his lethal gas claims are not moot because he is challenging the Arizona statute in a separate lawsuit.  Dkt. 27, at 4–5.  This argument implicates ripeness, which this Court can consider sua sponte. *See Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990).  Atwood's lethal gas claims are predicated on a different, pending lawsuit, and are therefore unripe because they are based on a speculative, future harm.  *See In re Facebook, Inc., IPO Securities and Derivate Litigation*, 922 F. Supp. 2d 445, 473–74 (S.D.N.Y 2013); *see also Bhatia v. Office of the United States Atty.*, No. CV–09–5581 SBA, 2011 U.S. Dist. LEXIS 36461, 2011 WL 1298763 (N.D. Cal. Mar. 29, 2011) (finding claims were unripe where injury was contingent on decision in pending criminal case).   Whether on grounds of mootness or ripeness, pending litigation pertaining to execution by lethal gas does not provide this Court with a live case or controversy.

## C.    ATWOOD HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Atwood failed to allege an injury in fact, and therefore lacks standing, because he mistakenly relied on the wrong legal standard. In his amended complaint, Atwood asserted that the revised execution protocol "fails to ensure" his spiritual advisor will be permitted to perform tonsure and last rites.  Dkt. 14, at ¶¶ 50, 67, 68.  However, under RLUIPA, Atwood has to show that the execution protocol "substantially burdens his exercise of religion." *Ramirez v. Collier*, 142 S. Ct. 1264, 1278 (2022).  Atwood fails to cite to any language in the execution protocol that imposes a substantial burden on his ability to have tonsure and last rites before the execution.  Therefore, he fails to state a claim upon which relief can be granted because he has not suffered an actual or imminent injury and his claims are speculative or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

1   Atwood asserts that he sufficiently stated a claim for relief under RLUIPA
2   by merely alleging "that Defendants are substantially burdening his exercise of a
3   sincerely held religious belief by restricting the tonsure ceremony and last rites,
4   and its restrictions are not the least restrictive means of furthering a compelling
5   government interest."  Dkt. 27, at 5.  Atwood's reliance on this language in the
6   amended complaint is misguided because his conclusory statements, without
7   factual support, are insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
8   Thus, his argument that he sufficiently stated a claim for relief is insufficient to
9   defeat a motion to dismiss.

10       **D.    EXHAUSTION.**

11       Atwood contends that he exhausted the claims in his amended complaint by
12   filing a grievance that went unprocessed and was "intimately related" to the
13   claims in his amended petition. Dkt. 27, at 6.  The previous grievance to which he
14   refers was returned as unprocessed on February 4, 2022, due to a judicial
15   proceeding or decision of the courts.  Exhibit G to Amended Complaint (Dkt.
16   14–7).  Atwood did not file his original complaint until April 13, 2022, over two
17   months after his grievance was unprocessed.  Moreover, the original complaint
18   was premised on the *Ramirez* decision which was not decided until March 24,
19   2022, over one month after his grievance went unprocessed.  142 S. Ct. 1264.
20   Thus, the denial of his previous grievance had no relation to these proceedings or
21   the *Ramirez* decision.

22       Atwood never pursued administrative remedies specific to his request for
23   administration of tonsure and last rites following the *Ramirez* decision or
24   ADCRR's revision of the execution protocol.  Atwood acknowledges that
25   administrative remedies were available, as evidenced by his use of the prison's
26   administrative process on prior occasions, but tries to excuse his failure to pursue
27   those remedies based on an unrelated, unprocessed grievance.  Atwood should be
28   required to exhaust his claims prior to litigating his claims in this Court.

1      Respectfully submitted this 2nd day of June, 2022.

2
                                    Mark Brnovich
3                                   Attorney General

4
                                    Jeffrey L. Sparks
5                                   Deputy Solicitor General/
6                                   Chief of Capital Litigation

7

8                                   s/ David Ahl
                                    Assistant Attorney General
9

10                                  Laura P. Chiasson
                                    Assistant Attorney General
11

12                                  Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and served the attached document using ECF on the following registered participants of the ECF System:

JOSEPH J. PERKOVICH, ESQ.
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
Tel: (212) 400-1660
j.perkovich@phillipsblack.org

AMY P. KNIGHT, ESQ.
Knight Law Firm, PC
3849 E. Broadway Blvd., #288
Tucson, AZ 85716
Tel: (520) 878-8849
amy@amyknightlaw.com

DAVID A. LANE, ESQ.
REID ALLISON, ESQ.
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Tel: (303) 571-1000
dlane@kln-law.com
rallison@kln-law.com

*Attorneys for Plaintiff Frank Jarvis Atwood*

s/ Maria Palacios