WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood, | No. CV-22-00625-PHX-JAT (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Pending before the Court is a motion to consolidate CV 22-860-PHX-MTL (JZB) with this case. Consistent with Local Rule Civil 42.1(b), the Judge with the lowest case number, after consultation, must rule on the motion.

The Court finds that these two cases present distinct issues that do no require consolidation. Moreover, at this point, each assigned Judge has performed substantial work on their respective case and efficiency would not be enhanced by consolidation. Therefore, the motion will be denied.

Also pending before this Court is Plaintiff's request for an injunction regarding certain religious accommodations. (Doc. 28). The parties have briefed the issue, but the Court requires additional information. Therefore, each party must file a supplemental brief addressing the requested information by the deadlines set below.

Based on the foregoing,

**IT IS ORDERED** that the motion to consolidate (Doc. 18 in CV 22-625-PHX-JAT (JZB) and Doc. 6 in CV 22-860-PHX-MTL (JZB)) is denied. The Clerk of the Court shall

file a copy of this order in both cases.

**IT IS FURTHER ORDERED** that by noon today, Plaintiff shall file a supplemental brief advising the Court of how long the last rites ceremony (separate from the tonsure ceremony) will take. Plaintiff shall also address why a last rites ceremony performed prior to entering the execution chamber is a substantial burden on his religion, and specifically exactly how long before death would be religiously inadequate. Additionally, Plaintiff states that confession "is an integral part of last rights [sic]" (Doc. 34 at 5). Plaintiff must confirm that Plaintiff seeks to do last rites in the presence of multiple non-religious people in the execution chamber.

**IT IS FURTHER ORDERED** that by 12:30 p.m. today, Defendants must file a supplement addressing why Plaintiff's proposed accommodation of his priest standing at his head for the entire time in the execution chamber is not possible to overcome Defendants' concerns about someone moving around the execution chambers. Defendants must also address when they state, "The only limitation Defendants have placed on Atwood's last rites ceremony is that it be performed before Atwood enters the lethal injection room[,]" (Doc. 32 at 6), when exactly they propose to allow Plaintiff to receive last rites.

Dated this 6th day of June, 2022.

James A. Teilborg
Senior United States District Judge

- 2 -