MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

JEFFREY L. SPARKS (AZ BAR NO. 27536)
DEPUTY SOLICITOR GENERAL
SECTION CHIEF OF CAPITAL LITIGATION
LAURA P. CHIASSON (AZ BAR NO. 19025)
ASSISTANT ATTORNEY GENERAL
CAPITAL LITIGATION SECTION
400 WEST CONGRESS, BLDG. S–215
TUCSON, ARIZONA  85701–1367
TELEPHONE: (520) 628–6520
CLDOCKET@AZAG.GOV

ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood, | CV 22–00625–PHX–JAT (JZB) |
| Plaintiff, | |
| -vs- | **SUPPLEMENTAL BRIEF** |
| David Shinn, et al., | |
| Defendants. | |

On June 1, 2022, Plaintiff Frank Atwood filed an Emergency Motion for Preliminary Injunction to address two specific religious accommodations on which the parties disagreed.  Defendants responded, and Atwood filed his reply on June 6, 2022.  Defendants hereby file this Supplement addressing two issues the Court presented in its June 6, 2022 Order.

First, the Court asks Defendant to address "why Plaintiff's proposed accommodation of his priest standing at his head for the entire time in the execution chamber is not possible to overcome Defendants' concerns about someone moving around the execution chamber[]."  In *Ramirez v. Collier*, 142 S. Ct. 1264, 1281 (2022), the Supreme Court held that "preventing accidental interference with the prison's IV lines is a compelling governmental interest" and that, to accommodate this interest, a state "could allow touch on a part of the body

1

away from IV lines, such as a prisoner's lower leg." Defendants maintain that allowing the spiritual advisor to stand at Atwood's feet and touch only his ankle and/or foot is a reasonable restriction to protect the "compelling government interest" in the proper placement of the IV lines.

Alternatively, if this Court finds that Atwood's spiritual advisor must be permitted to place a stole on Atwood's head while Atwood is restrained on the execution table, Defendants propose that the Court require that this take place before they begin the procedure to place the IV lines. Once Atwood is restrained on the table, his spiritual advisor would be allowed to place the stole on his head. Atwood's spiritual advisor would then move to Atwood's feet for the remainder of the execution, where he would be permitted to touch only Atwood's foot and/or ankle.

Second, this Court asked Defendants to address "when exactly [Defendants] propose to allow Plaintiff to receive last rites." In their most recent proposed injunction, Defendants proposed that the tonsure and last rites would both be performed on the day before Atwood's execution. *See* Dkt. 32-1, at 19–20.


RESPECTFULLY SUBMITTED this 6th day of June, 2022.


Mark Brnovich
Attorney General

Jeffrey L. Sparks
Deputy Solicitor General
Section Chief of Capital Litigation

/s/ Laura P. Chiasson
Assistant Attorney General

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and served the attached document using ECF on the following registered participants of the ECF System:

Joseph J. Perkovich
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
Tel: (212) 400-1660
j.perkovich@phillipsblack.org

Amy P. Knight
Knight Law Firm, PC
3849 E. Broadway Blvd., #288
Tucson, AZ 85716
Tel: (520) 878-8849
amy@amyknightlaw.com

David A. Lane
Reid Allison
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Tel: (303) 571-1000
dlane@kln-law.com
rallison@kln-law.com

Attorneys for Plaintiff


s/ L. Fielding

SP72LGRP0EWTKY