# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood, | No. CV-22-00625-PHX-JAT (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

The Court has received the parties' supplements as ordered earlier today. The parties answered some, but not all, questions posted by the Court. The Court will ask some questions again, and some additional questions. The parties are hereby advised that if they elect to not specifically answer a question, the failure to answer will be deemed to be a WAIVER of any argument to the contrary. Therefore,

**IT IS ORDERED** that Defendants are again ordered to brief: why Plaintiff's proposed accommodation of his Priest standing at his head for the entire time in the execution chamber is not possible to overcome Defendants' concerns about someone moving around the execution chamber. Defendants have not explained what compelling state interest is accomplished by Defendants'-proposed-alternative accommodation of allowing the Priest to begin at Plaintiff's head and move to Plaintiff's feet. The Court is specifically confused because previously Defendants suggested that preventing a person moving about the execution chamber was the compelling interest being served. In other words, if the Priest is at the Plaintiff's feet during the placement of the lines and execution,

why is there more chance of interference if the Priest is initially at Plaintiff's head and remains for the entire procedure.

**IT IS FURTHER ORDERED** that Plaintiff is again ordered to brief: why a last rites ceremony performed prior to entering the execution chamber is a substantial burden on his religion, and specifically exactly how long before death would be religiously inadequate. In his supplement, Plaintiff states, "It is best done closer to death…" but does not provide the Court will the specific time gap that Plaintiff claims will substantially burden his exercise of his religion.

**IT IS FURTHER ORDERED** that the Court notes Plaintiff has now agreed to bifurcate his last rites into 3 parts. One part (the Court does not know what this entails) will be done as part of his tonsure ceremony (Doc. 36 at 2, lines 21-22). Unless Defendants advise otherwise within the deadline set herein, the Court will assume this is unopposed. Next, Plaintiff proposes to do communion and confession the morning of the execution, but prior to Plaintiff entering the execution chamber; Plaintiff states this will take 20 minutes (Doc. 36 at 2, lines 24-25). In their supplement brief, Defendants again suggest that all of last rites take place at the tonsure ceremony. Defendants do not state whether 20 minutes will be available to Plaintiff and his Priest the morning of his execution for communion and confession (including allowing the Priest to possession whatever religious items are required). Defendants must address whether this accommodation is agreed to and if not, what compelling state interest is served by not permitting communion and confession the morning of the execution but prior to Plaintiff entering the execution chamber. Similarly, assuming this time for last rites is permitted the morning of the execution but prior to Plaintiff entering the execution chamber, Plaintiff must address why the third component of last rites – the laying the stole on Plaintiff's head and the oral prayers – cannot be performed at the same time as communion and confession; specifically, why "the morning of" timing is a substantial burden on Plaintiff's religion.

**IT IS FINALLY ORDERED** that these supplements must be filed no later than 4:00 p.m. today. And again the parties are advised failure to answer a question herein will

be deemed to be a waiver of that parties' arguments on that issue.

Dated this 6th day of June, 2022.

_____
James A. Teilborg
Senior United States District Judge