MARK BRNOVICH
ATTORNEY GENERAL
(FIRM STATE BAR NO. 14000)

JEFFREY L. SPARKS (AZ BAR NO. 27536)
DEPUTY SOLICITOR GENERAL
SECTION CHIEF OF CAPITAL LITIGATION
LAURA P. CHIASSON (AZ BAR NO. 19025)
ASSISTANT ATTORNEY GENERAL
CAPITAL LITIGATION SECTION
400 WEST CONGRESS, BLDG. S–215
TUCSON, ARIZONA  85701–1367
TELEPHONE: (520) 628–6520
CLDOCKET@AZAG.GOV

ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>　　　　Plaintiff,<br><br>-vs-<br><br>David Shinn, et al.,<br><br>　　　　Defendants. | CV 22–00625–PHX–JAT (JZB)<br><br>**SECOND SUPPLEMENTAL BRIEF** |

This Court has asked Defendants to "explain[] what compelling state interest is accomplished by Defendants'-proposed-alternative accommodation of allowing the Priest to begin at Plaintiff's head and move to Plaintiff's feet." Dkt. 38, at 1. In the alternative Defendants presented in their earlier briefing, the priest would complete any last rites requirements at Plaintiff's head and move to his place at Plaintiff's feet *before* ADCRR begins placing the IV line. Accordingly, the priest's movement would not interfere with the State's compelling interest in "preventing accidental interference with the prison's IV lines." *Ramirez v. Collier*, 142 S. Ct. 1264, 1281 (2022).

This Court also asks Defendants "why is there more chance of interference if the Priest is initially at Plaintiff's head and remains for the entire procedure." Dkt.

38, at 1–2. The Court references Defendants' earlier-expressed concern that it would interfere with the execution procedures if the priest moves about the execution chamber during the execution. While placing the priest at Plaintiff's head would resolve the potential problems associated with him moving about the chamber during the execution, it nevertheless implicates the "compelling government interest" in "preventing accidental interference with the prison's IV lines," which was recognized by the Supreme Court. *Ramirez*, 142 S. Ct. at 1281. During the execution, the medical team will place EKG leads on Plaintiff's chest and will need to reach across Plaintiff's shoulders and chest to place the IV line. If the priest is standing at Plaintiff's head, he may interfere with the team's ability to reach across Plaintiff's chest or quickly move from one side of the table to the other as may be required. As explained in Defendants' earlier brief, the Supreme Court held that the State's compelling interest in ensuring the proper placement of IV lines, and preventing "accidental interference" with those lines, is sufficient to permit a State to "allow touch on a part of the body away from IV lines, such as a prisoner's lower leg." *Id*. A State may also require that a priest "stand in a location that gives the medical team an unobstructed view of the IV lines, allowing them to watch for problems and quickly respond."[1] *Id*.

This Court has also inquired as to whether Defendants oppose Plaintiff's suggestion that all or part of the last rites be performed "as part of his tonsure ceremony" on the day before the execution. Dkt. 38, at 2. Defendants do not oppose this suggested procedure.

Defendants also will provide Plaintiff and his priest with time to perform last rites, including communion and confession, before entering the execution chamber on the morning of the execution. The execution protocol provides that "[t]he

---

[1] The Arizona Department of Corrections, Rehabilitation, and Reentry revised its execution protocol to comply with the Court's holding in *Ramirez*. *See* Dkt. 10-1, at 40.

inmate will be permitted two hours of in-person visitation with no more than two Attorneys of record, concluding one hour prior to the scheduled execution." Dkt. 10-1, at 18, ¶ 12.5.2. Defendants will allow Plaintiff's priest to visit him, in addition to his two attorneys of record, from 7-9 a.m. on the morning of the execution.

RESPECTFULLY SUBMITTED this 6th day of June, 2022.

Mark Brnovich
Attorney General

Jeffrey L. Sparks
Deputy Solicitor General
Section Chief of Capital Litigation

/s/ Laura P. Chiasson
Assistant Attorney General

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2022, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and served the attached document using ECF on the following registered participants of the ECF System:

Joseph J. Perkovich
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
Tel: (212) 400-1660
j.perkovich@phillipsblack.org

Amy P. Knight
Knight Law Firm, PC
3849 E. Broadway Blvd., #288
Tucson, AZ 85716
Tel: (520) 878-8849
amy@amyknightlaw.com

David A. Lane
Reid Allison
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Tel: (303) 571-1000
dlane@kln-law.com
rallison@kln-law.com

Attorneys for Plaintiff


s/ L. Fielding

SC1QZNHU0DJTK0