**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood, | No. CV-22-00625-PHX-JAT (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Before the Court is Plaintiff Frank Atwood's motion for attorney's fees. (Doc. 54). Defendants responded, (Doc. 57), and Plaintiff replied, (Doc. 58). The Court now rules.

**I.   BACKGROUND**

Plaintiff litigated a civil rights action which resulted in his receiving last rites in accordance with his religion during his execution. (Doc. 41 at 14–15). Following the execution, Plaintiff's counsel filed for attorney's fees under 42 U.S.C. § 1988(b), claiming he was the prevailing party in a proceeding which vindicated his civil rights. (*See* Doc. 54 at 5–6).

**II.   LEGAL STANDARD**

District courts are generally free to adopt local rules regarding the filing of motions for attorney's fees and expenses. *Croomes v. Stream Glob. Servs.-AZ, Inc.*, No. CV11-0141-PHX-JAT, 2012 WL 1247021, at *2 (D. Ariz. Apr. 13, 2012) (citing *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004); *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010)). "Only in rare cases will . . . [an] exercise of discretion in connection with

the application of local rules" be questioned. *Grove*, 606 F.3d at 582. In the District of Arizona, motions for attorney's fees and costs are governed by Local Rule of Civil Procedure 54.2. Subdivision (d)(1) of this rule is meant to streamline the attorney's fees process:

> No motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorney's fees or that the moving counsel has made a good faith effort, but has been unable, to arrange such conference. The statement of consultation shall set forth the date of the consultation, the names of the participating attorneys and the specific results or shall describe the efforts made to arrange such conference and explain the reasons why such conference did not occur.

LRCiv 54.2(d)(1).

Essentially, 54.2(d)(1) requires that "the moving party make[] a good faith *effort* to consult with the non-moving party in order to resolve disputed issues." *United States v. Bus. Recovery Servs., LLC*, No. CV11-390-PHX-JAT, 2012 WL 748324, at *4 (D. Ariz. Mar. 8, 2012) (emphasis in original). The purpose of this requirement is to "obviate additional work and expense for parties, and additional work for the Court, if agreement on all, some, or even one of the issues can be reached." *Gilbert v. United States*, No. CV-17-03762-PHX, 2019 WL 13227526, at *2 (D. Ariz. Aug. 12, 2019) (emphasis omitted). This Court, however, has discretion to "suspend any . . . Local Rule[] for good cause shown." LRCiv 83.6; *see also Guam Sasaki Corp. v. Diana's, Inc.*, 881 F.2d 713, 718 (9th Cir. 1989) ("It is for the court in which a case is pending to determine what departures from . . . rules of court are so slight and unimportant that the sensible treatment is to overlook them.").

### III.   ANALYSIS

Defendants argue that Plaintiff's counsel did not comply with 54.2(d)(1), and that as a result their motion for attorney's fees should be denied. Plaintiff's counsel argue they complied with 54.2(d) and consulted adequately with Defendants' attorneys, and that any deficiencies are so slight and unimportant that they should be overlooked.

Plaintiff's attorneys included the following statement in their motion for attorney's fees, certifying they had conferred with opposing counsel: "Counsel for Plaintiff conferred regarding this Motion and the amount of fees sought with counsel for Defendants. Counsel for Defendants indicated that they would need to review the entire petition before they can take a position on the Motion, therefore, Defendants oppose." (Doc. 54 at 21) (citing D.C.Colo.LCivR 7.1).

Plaintiff's certification lacks the date of the consultation and the names of the participating attorneys. Furthermore—as the Court will discuss—it appears that there was no consultation. Plaintiff's counsel were therefore required to describe the efforts made to arrange the conference and explain why the conference did not occur. Because Plaintiff's attorneys did not do so, the certification did not comply with 54.2(d)(1). Indeed, at no point do Plaintiff's attorneys argue they complied with 54.2(d)(1). (*See* Doc. 58 at 1–3) (arguing Plaintiff's counsel complied with LRCiv 54.2(c)(1)–(3), 54.2(d)(2)–(d)(4), and 54.2(e), and "consulted adequately").

Furthermore, this noncompliance was not slight or unimportant because it did not further 54.2(d)(1)'s purpose. Rule 54.2(d)(1) is designed to ensure neither the litigants' nor the Court's resources are spent deciding issues on which both parties already agree. *See Gilbert*, 2019 WL 13227526, at *2. Plaintiff's counsel sent the following in an email to Defendants' counsel:

> Hey all – we are finally filing our fee petition on Monday. Our normal hourly rates make the total sought on the RLUIPA case $98,079.50. PLRA rates cut that down to $53,162.20 thus we are seeking a 2x multiplier for a grand total of $106,324.40. I assume you agree that we substantially prevailed and are entitled to fees, but you oppose the amounts in question until you can review our pleading? Let me know if I'm right and we'll get it filed.

(Doc. 57-1 at 2; Doc. 58 at 2).

First, this email is not itself a consultation because it does not contain an itemized statement of fees and expenses. Defendants have no basis on which to agree with or object to the reasonableness of Plaintiff's fees when they are presented as totals. For example, while Defendants agreed in their response to the motion for attorney's fees that one of

Plaintiff's attorney's billed hours were reasonable, Defendants could not have done so in response to the email because no itemized statement was included. (*See* Doc. 57 at 13).

Second, the timing of Plaintiff's email and motion does not reflect a good faith effort to consult with opposing counsel. Plaintiff's counsel initially had 14 days from June 22, 2022 to file their motion for attorney's fees. (*Compare* Doc. 44, *with* LRCiv 54.2(b)(2)). Plaintiff's counsel then sought and were granted four extensions of that deadline, making the final due date October 24, 2022. (Docs. 46; 47; 48; 49; 50; 51; 52; 53). Plaintiff's counsel sent the above email around noon on Saturday, October 22. (Doc. 57-2 at 2; *and see* Doc. 58 at 2). Plaintiff's counsel telephoned defense counsel two days later on the morning of Monday the 24th, received no response, and filed their motion later that same day. (Doc. 57 at 5; *and see* Doc. 58 at 2). Thus, Plaintiff's counsel had 124 days to schedule a consultation yet waited one business day for defense counsel to respond to their email before filing their motion. (*Compare* Doc. 57–1 at 2, *with* Doc. 54 at 22). Providing such a small window to respond does not reflect a good faith effort to consult with defense counsel to settle attorney's fees. Contrary to Plaintiff's assertion that defense counsel should have requested that Plaintiff's counsel stipulate to a time extension after receiving their email, the party seeking fees carries the burden of arranging the consultation. *See* LRCiv 54.2(d); *Gilbert*, 2019 WL 13227526, at *2.

Because Plaintiff's counsel's email is neither a consultation nor a good faith effort to arrange a consultation, it does not further the intent of 54.2(d)(1). Because Plaintiff's counsel's efforts did not further the intent of 54.2(d)(1), Plaintiff's counsel's noncompliance was neither slight nor unimportant enough to be overlooked. Accordingly, while the court is sympathetic to Plaintiff's desire for attorney's fees considering its work was pro bono, the Court will deny Plaintiff's motion.

IV. **CONCLUSION**

For the foregoing reasons,

/ / /

/ / /

- 4 -

1    **IT IS ORDERED** that the motion for attorney's fees (Doc. 54) is **DENIED**.

2    Dated this 5th day of April, 2023.

*James A. Teilborg*
Senior United States District Judge