**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood, | No. CV-22-00625-PHX-JAT (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Frank Atwood's motion for reconsideration of this Court's order denying his counsel's request for attorney's fees. (Doc. 60). The Court will deny the motion.

I. **BACKGROUND**

Plaintiff's counsel moved for attorney's fees under 42 U.S.C. § 1988(b) following entry of judgment in this case, claiming to be the prevailing party in a proceeding which vindicated Plaintiff's civil rights. (*See* Doc. 54 at 5–6). The Court denied the motion because Plaintiff's counsel did not comply with the requirements of Local Rule of Civil Procedure 54.2(d)(1). Specifically, the Court found that Plaintiff's counsel had not included with their certification that a conference had taken place the names of the participating attorneys or the date of the consultation, and had not alternatively explained why a consultation had not occurred. (Doc. 59 at 3). The Court also found that Plaintiff's counsel's deviation from Rule 54.2(d)(1)'s requirements was not slight enough to be overlooked. (*Id.* at 3–4). Plaintiff's counsel now moves for reconsideration of the order

denying the motion for attorney's fees.

## II. LEGAL STANDARD

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought through. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Local Rule of Civil Procedure 7.2(g), which governs consideration of motions for reconsideration in the District of Arizona, reflects these concerns:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

*See* LRCiv 7.2(g).

## III. ANALYSIS

In their motion for reconsideration, Plaintiff's counsel do not argue that the Court made an error of law, and do not purport to produce any new facts or legal authority that could not have been earlier brought to the Court's attention. (*See* Doc. 60). Rather, in their motion, one of Plaintiff's attorneys admits the error and takes sole and full responsibility for it. (Doc. 60 at 2–3). He argues that, because the error was his alone, any lesson the Court wishes to teach by denying attorney's fees should be directed only toward him, and the Court should grant the fees incurred by other of Plaintiff's counsel. (*Id.* at 3–4).

Any instructional quality of the Court's order, however, was purely incidental to the Court's straightforward application of the local rules and related caselaw to the circumstances surrounding Plaintiff's counsel's motion for attorney's fees. Plaintiff's motion for reconsideration, although rhetorically effective, does not meaningfully contest this legal analysis. Thus, Plaintiff's motion merely asks this Court to rethink an exercise of discretion that the Court has already thought through. For the reasons stated both above and in the Court's order denying attorney's fees, the Court will deny the motion.

## IV.   CONCLUSION

Therefore,

**IT IS ORDERED** that the motion for reconsideration of the Court's order denying attorney's fees (Doc. 60) is DENIED.

Dated this 16th day of August, 2023.

James A. Teilborg
Senior United States District Judge